**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: <br><br> IMAGE MASTERS, INC., et al. <br><br> Debtors, <br><br><br> LYNN FELDMAN, as Chapter 7 Trustee of the Estate of Image Masters, Inc., et al. <br><br> Plaintiff, <br> v. <br><br> CHASE HOME FINANCE, CITIMORTGAGE, INC., COUNTRYWIDE HOME LOANS, INC., FIFTH THIRD BANK, GMAC MORTGAGE CORP., PROVIDENT FUNDING ASSOCIATES, L.P., SAXON MORTGAGE INC., SOVEREIGN BANCORP., INC., SUNTRUST BANK, WACHOVIA BANK, N.A., and WELLS FARGO HOME MORTGAGE, <br><br> Defendants. | Case No. 07-21587 (REF) <br><br> Jointly Administered <br> Case No. 07-21587-REF <br><br><br> Adversary Proceeding No. 09-2092 |

**DEFENDANTS' JOINT ANSWER TO TRUSTEE'S MOTION**
**FOR LEAVE TO APPEAL**

The defendants in the above-captioned adversary proceeding ("Defendants") hereby answer the Trustee's Motion for Leave to Appeal ("Motion") and, for the reasons set forth below, request that the Motion be denied.

I. **FACTUAL BACKGROUND**

1. On September 18, 2007, Image Masters, Inc. ("Image Masters"), OPFM, Inc., d/b/a Personal Financial Management, Inc. ("OPFM"), and other related entities (collectively, the "Debtors") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United

States Code (the "Bankruptcy Code"). Plaintiff was appointed as interim Chapter 7 Trustee of the Debtors' estates on September 19, 2007 and, on November 27, 2007, was appointed permanent Trustee of the Debtors' estates.

2. On March 16, 2009, the Trustee commenced the above-captioned adversary proceeding by filing a complaint ("Complaint") against the Defendants. The Trustee sought to avoid and recover approximately $24 million from the Defendants in allegedly preferential and fraudulent transfers that Image Masters made to the Defendants in satisfaction of monthly payments due on hundreds of legitimate home mortgages serviced by the Defendants from September 18, 2003 through September 18, 2007. In support of these claims, the Trustee invoked Sections 502(d), 544, 547, 548 and 550 of the United States Bankruptcy Code and the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S. §§ 5101-5110.

3. On May 7, 2009, the Defendants filed various motions to dismiss ("Dismissal Motions"). Under the Dismissal Motions, the Defendants sought to dismiss: (a) Counts I and III which purported to allege a claim to avoid certain transfers based upon actual fraud pursuant to F.R.C.P 12(b)(6) and F.R.C.P. 9; (b) Counts II and IV which purported to allege a claim to avoid certain transfers based upon constructive fraud pursuant to F.R.C.P. 12(b)(6); and (c) the entire Complaint pursuant to F.R.C.P. 12(b)(7) for failure to join the homeowners, on whose behalf Image Masters made the monthly mortgage payments, as additional parties in this proceeding. On June 10, 2009, the Trustee filed a Response in opposition to the Dismissal Motions.

4. After oral argument on the Dismissal Motions and the filing of numerous post-argument briefs, the Bankruptcy Court entered an order on December 17, 2009 ("Order") which, inter alia, granted the Dismissal Motions with regard to Counts I, II, III and IV and denied the Dismissal Motions with regard to dismissal of the entire Complaint for failure to join the

2

homeowners <u>provided</u> that the Trustee join the homeowners as additional parties to the adversary proceeding within thirty days of the Order.

5. The thirty day time period for the Trustee to join the homeowners as additional parties to the adversary proceeding under the Order will expire on January 19, 2010.

6. On December 24, 2009, without joining the homeowners as additional parties to the adversary proceeding, the Trustee filed a Notice of Appeal and a Motion for Leave to Appeal the Order ("Motion"). In footnote 1 of the Motion, the Trustee provides:

> "As set forth herein, the Order conditionally denied the Appellee's Motions to Dismiss the Complaint under Fed. R. Civ. P.12(b)(7), provided, however, that the Appellant joined the Homeowners (as defined herein) as parties within thirty (30) days of the Order. As Appellant does not believe joinder is appropriate or warranted, *Appellant is not going to join the Homeowners…*" (emphasis added.)

II. **THE DECEMBER 17, 2009 ORDER IS NOT A FINAL ORDER**

7. F.R.C.P. 54(b), as incorporated into bankruptcy proceedings via F.R.B.P. 7054(a), provides:

> "**Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief- whether as a claim, counterclaim, crossclaim, or third-party claim- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

8. The December 17, 2009 Order entered by the Bankruptcy Court did not include any reference to F.R.C.P. 54(b) and made no direction for the entry of a final order. Thus, in the

3

absence of any direction under F.R.C.P. 54(b) and until entry of a final judgment, the Order may be revised by the Bankruptcy Court and must be treated as an interlocutory order.

9. The Third Circuit has held that "…in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation." Natale v. French & Pickering Creeks Conservation Trust, Inc., 295 F.3d 375, 378-79 (3d Cir.2002) (*quoting* Clark v. First State Bank, 841 F.2d 524, 526 (3d Cir.1988)). In applying the concepts of appealability used in general litigation, an order in an adversary proceeding will not be deemed final unless it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381 (3d Cir.1996) (*internal quotation and citation omitted*); see also Adams v. Genesis Ins. Co., Nos. 00-3329(MFW), 06-50639(MFW), 06-167-SLR, 2007 WL 643325, at *1 (D.Del. Mar.1, 2007).

10. It is clear that the Order entered by the Bankruptcy Court did not end the litigation on the merits since the Order did not dismiss all of the Counts in the Complaint and specifically provided the Trustee with thirty days to join the homeowners in order to avoid dismissal of the entire action. Thus, the Order is clearly not a final order and the Trustee must obtain leave to appeal the interlocutory order.

III. **THE TRUSTEE HAS FAILED TO PROVIDE ANY SUPPORT FOR LEAVE TO APPEAL THE DECEMBER 17, 2009 INTERLOCUTORY ORDER**

11. The Trustee has failed to provide any appropriate basis for granting leave to appeal the interlocutory Order entered by the Bankruptcy Court. Piecemeal appeals are not favored. An appellant seeking leave to appeal an interlocutory order must demonstrate that exceptional circumstances exist in order to justify upsetting the usual policy of postponing review until after entry of a final judgment. First American Bank of New York v. Century Glove,

4

Inc., 64 B.R. 958, 961-962 (D.Del.1986) (*citing* Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978).)

12. In her Motion, the Trustee makes no attempt to demonstrate that exceptional circumstances exist here to justify accelerating review of the order before it becomes final. Nor do any such circumstances exist here. For this reason alone, her Motion should be denied.

13. In addition to demonstrating exceptional circumstances, courts in the Third Circuit require appellants seeking leave to appeal an interlocutory order to satisfy the criteria found in 28 U.S.C. Section 1292(b) which addresses interlocutory appeals from the district court to the court of appeals. See Luke Oil Co. v. SemCrude, L.P., 407 B.R. 553, 556 (D.Del. 2009) and Bowie Produce Co., Inc. v. Magic Am. Café, Inc., 202 B.R. 24, 25 (D.Del.1996).

14. Under Section 1292(b), leave to file an interlocutory appeal may only be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corporation, 496 F.2d 747, 754 (3d Cir.1974).

15. Although the Trustee acknowledges the three criteria used to evaluate interlocutory appeals pursuant to Section 1292(b), she fails to identify any controlling question of law here and does not cite one opinion to support her argument that there are substantial grounds for a difference of opinion about a correct legal standard. Most glaringly, the Trustee fails to provide any support for her argument that an immediate appeal will materially advance the ultimate termination of the litigation.

16. On the requirement that there be genuine doubt, the Trustee states, without citing any case law, that there is genuine doubt that the pleading standards in F.R.C.P. 9(b) should be

5

applied to (a) actual fraudulent transfers and (b) a Trustee who is a third party outsider. The Trustee also argues that the Bankruptcy Court acted "without reasonable basis" in concluding that: (i) actual equivalent value was given in exchange for payments; (ii) the Trustee failed to plead fraud with particularity; (iii) the Trustee pled that the Defendants acted in good faith; and (iv) the homeowners are necessary parties to the adversary proceeding. These bare assertions, without legal support, do not satisfy the Trustee's substantial burden to justify leave for an appeal of the interlocutory Order.

17. Moreover, with regard to the third criteria under Section 1292(b), it is particularly clear that it would be inefficient for the appeal to go forward now. Because the Trustee has already stated in the Motion that she will not join the Homeowners as parties to the adversary proceeding, the Bankruptcy Court could be expected to enter a final order sometime after January 19, 2010 dismissing the Complaint in its entirety. Given that the Bankruptcy Court will likely issue a final order in the next few weeks, the Trustee cannot demonstrate that an immediate appeal of the Order will materially advance the ultimate termination of the litigation.

18. In sum, the Trustee has failed to make any showing that exceptional circumstances exist here which should deprive the Bankruptcy Court of the courtesy of allowing him to complete the work on the case before appellate review begins. With regard to the criteria under Section 1292(b), the Trustee merely pays lip service to such requirements without providing any supporting case law. In view of these failures, the Defendants aver that there is no basis to grant the Trustee's request for leave to appeal the interlocutory Order.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order denying the Trustee's Motion for Leave to Appeal the Order.

Dated:  January 7, 2010			HANGLEY ARONCHICK SEGAL & PUDLIN

By: /s/  Joseph A. Dworetzky
 Joseph A. Dworetzky
 John S. Stapleton
 Naomi B. Mendelsohn
 One Logan Square, 27th Floor
 Philadelphia, PA 19103-6933
 telephone: (215) 568-6200
 facsimile:  (215) 568-0300

*Attorneys for CitiMortgage, Inc.*

STEVENS & LEE

By:   */s/ Steven J. Adams*
 Steven J. Adams
 PA Attorney I.D. No. 56293
 111 North Sixth Street
 P. O. Box 679
 Reading, PA   19603
 (610) 478-2133
 sja@stevenslee.com

*Attorneys for Sovereign Bank and Wachovia Bank, NA*

WEIR & PARTNERS LLP

By: /s/  Bonnie R. Golub
 Bonnie R. Golub, Esquire
 Suite 500, The Widener Building
 1339 Chestnut Street
 Philadelphia, PA 19107
 Direct Dial: (215) 241-7719
 Fax: (215) 665-8464

*Attorneys for Fifth Third Bank, Saxon Mortgage, Inc. and GMAC Mortgage Corp.*

MYERS, BRIER & KELLY, LLP

By: /s/ John B. Dempsey
 Daniel T. Brier
 John B. Dempsey
 425 Spruce Street, Suite 200
 Scranton, Pennsylvania 18503
 (570) 342-6100 (Telephone)
 (570) 342-6147 (Facsimile)

*Attorneys for Chase Home Finance LLC*


BLANK ROME LLP

By: /s/ Thomas E. Biron
 Thomas E. Biron, Esquire
 Michael P. Broadhurst, Esquire
 One Logan Square
 130 North 18th Street
 Philadelphia, PA 19103

*Attorneys for Provident Funding Associates, L.P.*


BALLARD SPAHR ANDREWS & INGERSOLL, LLP

/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr.
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 864-8238
Facsimile: (215) 864-9511

*Attorneys for SunTrust Bank, Wells Fargo Home Mortgage and Countrywide Home Loans, Inc.*


GOODWIN PROCTER LLP

/s/ Joseph F. Yenouskas
Joseph F. Yenouskas
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4143

8

*Attorneys for Countrywide Home Loans, Inc.*

9