Case 09-02092-ref   Doc 91   Filed 01/20/10   Entered 01/20/10 15:24:28   Desc Main
Document   Page 1 of 4

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : |
| IMAGE MASTERS, INC., et al. | : Case No. 07-21587 (REF) |
| | : |
| Debtors, | : |
| | : Jointly Administered |
| | : Case No. 07-21587-REF |
| LYNN FELDMAN, as Chapter 7 Trustee of the | : |
| Estate of Image Masters, Inc., et al. | : |
| | : |
| Plaintiff, | : Adversary Proceeding No. 09-2092 |
| v. | : |
| | : |
| CHASE HOME FINANCE, CITIMORTGAGE, | : |
| INC., COUNTRYWIDE HOME LOANS, INC., | : |
| FIFTH THIRD BANK, GMAC MORTGAGE | : |
| CORP., PROVIDENT FUNDING ASSOCIATES, | : |
| L.P., SAXON MORTGAGE INC., SOVEREIGN | : |
| BANCORP., INC., SUNTRUST BANK, | : |
| WACHOVIA BANK, N.A., and WELLS FARGO | : |
| HOME MORTGAGE, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

## DEFENDANTS' JOINT DESIGNATION OF ADDITIONAL ITEM TO BE INCLUDED IN THE RECORD ON APPEAL

The defendants in the above-captioned adversary proceeding ("Defendants") hereby

provide an additional designation of item to be included in the record on appeal pursuant to

F.R.B.P. 8006[1]:

---

[1] Defendants believe that the Trustee's filing of the Designation of Items To Be Included in the Record On Appeal and Statement of the Issues To Be Presented is premature because the December 17, 2009 Bankruptcy Court order ("Order") that the Trustee is appealing is an interlocutory order. As such, the Trustee may not appeal such Order as of right under F.R.B.P 8001(a). Pursuant to F.R.B.P. 8006, a designation of items and statement of issues may only be

(continued...)

**Designation of Additional Item to Be Included in the Record on Appeal:**

Power Point Presentation Submitted by Counsel for CitiMortgage, Inc. at the 7/1/09

Hearing on Defendants' Motions to Dismiss (a hard copy is attached hereto as Exhibit A.)

Dated:  January 20, 2010          HANGLEY ARONCHICK SEGAL & PUDLIN

By: /s/  Joseph A. Dworetzky        
  Joseph A. Dworetzky
  John S. Stapleton
  Naomi B. Mendelsohn
  One Logan Square, 27th Floor
  Philadelphia, PA 19103-6933
  telephone: (215) 568-6200
  facsimile:  (215) 568-0300

  *Attorneys for CitiMortgage, Inc.*

STEVENS & LEE

By:   /s/ Steven J. Adams        
  Steven J. Adams
  PA Attorney I.D. No. 56293
  111 North Sixth Street
  P. O. Box 679
  Reading, PA   19603
  (610) 478-2133
  sja@stevenslee.com

_____

(continued...)

presented after the later of: (1) the filing of a notice of appeal under F.R.B.P. 8001(a), (2) entry of an order granting leave to appeal or (3) entry of an order disposing of the last timely motion outstanding of a type specified in F.R.B.P. 8002(b).  Accordingly, Defendants believe that the only proper time that the Trustee may file a designation of items and statement of issues in connection with her appeal is after an order is entered granting leave to appeal.  However, in an abundance of caution, the Defendants hereby file this Joint Designation of Additional Item To Be Included in the Record on Appeal.

*Attorneys for Sovereign Bank and*
*Wachovia Bank, NA*


WEIR & PARTNERS LLP

By: /s/ Bonnie R. Golub
  Bonnie R. Golub, Esquire
  Suite 500, The Widener Building
  1339 Chestnut Street
  Philadelphia, PA 19107
  Direct Dial: (215) 241-7719
  Fax: (215) 665-8464

*Attorneys for Fifth Third Bank, Saxon Mortgage,*
*Inc. and GMAC Mortgage Corp.*


MYERS, BRIER & KELLY, LLP

By: /s/ John B. Dempsey
  Daniel T. Brier
  John B. Dempsey
  425 Spruce Street, Suite 200
  Scranton, Pennsylvania 18503
  (570) 342-6100 (Telephone)
  (570) 342-6147 (Facsimile)

*Attorneys for Chase Home Finance LLC*


BLANK ROME LLP

By: /s/ Thomas E. Biron
  Thomas E. Biron, Esquire
  Michael P. Broadhurst, Esquire
  One Logan Square
  130 North 18th Street
  Philadelphia, PA 19103

*Attorneys for Provident Funding Associates, L.P.*


BALLARD SPAHR ANDREWS & INGERSOLL,
LLP

/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr.
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 864-8238
Facsimile: (215) 864-9511

*Attorneys for SunTrust Bank, Wells Fargo Home
Mortgage and Countrywide Home Loans, Inc.*

GOODWIN PROCTER LLP

/s/ Joseph F. Yenouskas
Joseph F. Yenouskas
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4143

*Attorneys for Countrywide Home Loans, Inc.*

# *Lynn Feldman, as Chapter 7 Trustee of the Estate of Image Masters, Inc., et al.*
# *v.*
# *Chase Home Finance, CitiMortgage, Inc., et al*
# *Adv. Proceeding No. 09-2092*

## CitiMortgage, Inc.'s Motion to Dismiss

# The Structure

## (Illustrative)

- Homeowner owns $200K home w/$100K mortgage at, say, 8%

- Homeowner Explores Refinancing; finds mortgages at, say, 6%

- Homeowner learns of IM lending at, say 4%, in Equity Slide Down Program



Case 09-02092-ref   Doc 91-1   Filed 01/20/10   Entered 01/20/10 15:24:28   Desc
Exhibit   Page 2 of 28

# Step 1

### (Illustrative)

- Homeowner borrows $150K from conventional lender at 6%.

- Mortgage Recorded.

- Pays off old mortgage.

- Conventional Loan requires monthly payment of, say, $750



Case 09-02092-ref    Doc 91-1    Filed 01/20/10    Entered 01/20/10 15:24:28    Desc
Exhibit    Page 3 of 28

# Step 2

## (Illustrative)

- Homeowner signs $150K Wrap Note and Mortgage with IM.  Wrap Mortgage Not Recorded

- Homeowner gives IM $50 as a <u>prepayment</u> under the Wrap Note.

- The Wrap Note is now reduced to $100K by the prepayment.

- Homeowner obligated to make payments to IM on $100K Wrap Note at 4%, say $500 month.



# Step 3

## (Illustrative)

- FNMA form mortgage allows Homeowners to specify address for notice.

- Homeowner directs notices to a P.O. Box address maintained by IM.

- Conventional Lenders send notices to P.O. Box address as directed.

# Step 4

### (Illustrative)

- IM has not actually given Homeowner the funds represented by Wrap Note.

- Those funds are to be advanced from time to time as Homeowner makes payments on the Wrap Note.

- In Subrogation Agreement, Homeowner "authorizes" IM to use advances to pay Conventional Loan.

- Wrap Mortgage explicitly requires IM to make monthly payments on Conventional Loan.

# <u>Step 5</u>
### (Illustrative)

- Accordingly:

  - Homeowner pays $500 per month to IM.

  - IM pays $750 per month to Conventional Lender.

  - Conventional Lender credits Conventional Mortgage for $750 payment.

# What Trustee Does Not Allege

• No allegations that Conventional Lenders

  – Participated in Wrap Note or Mortgage Financing

  – Knew of the Wrap Note or Wrap Mortgage

  – Received payments on Conventional Loans outside of ordinary course.

  – Failed to credit Homeowner for each payment.

# Trustee Affirmatively Alleges

• IM went to lengths to conceal scheme:

  – Second closing came days after Conventional Loan closed
  – IM did not record Wrap Mortgage
  – IM Maintained Duplicate Books
  – IM hid records from Bank Examiners

• Conventional Lenders were "Adversely Affected"

# The Economics

## (Representative Loan)

# Conventional Loan

MERS Phone: 1-888-679-637

## NOTE

July 30, 2004
[Date]

Redacted
[City]

[State]

Redacted

[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$137,600.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Mercantile Bank d/b/a Florida Wholesale Mortgage Inc.**
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **5.5000%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A)   Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **September 01, 2004**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **August 01, 2019**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **Mercantile Bank d/b/a Florida Wholesale Mortgage Inc., 4815 Executive Park Ct., Suite 103, Jacksonville, FL 32216-6056**

or at a different place if required by the Note Holder.

**(B)   Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$1,124.31**

### 4. BORROWER'S RIGHT TO PREPAY

# Wrap Note

**MORTGAGE NOTE**
(Form RW-N)
· Redacted

Date:  August 5, 2004

Amount: $137600.00

**FOR VALUE RECEIVED** or to be advanced from time to time by payee, the undersigned (hereinafter called "maker") promises to pay to the order of Image Masters Inc., (hereinafter called "Payee"), at P. O. Box 144, Oley, PA  19547 or at such office as Payee or such other place of business Payee shall designate in writing, the sum of: One Hundred Thirty Seven Thousand Six Hundred Dollars ($137600.00)

**INTEREST:**  The Note holder shall earn interest on the unpaid balance of my loan or so much thereof as may be advanced by the holder of this note at the rate of: Six and One Half per cent (6.5%) per annum.  Only upon default and until I repay the loan in full at your office in collected funds, interest will be earned on the unpaid loan balance at a rate 5% above the rate in effect prior to default.  Interest shall be earned at this rate and not the legal interest rate of 6%, after maturity, demand, default and the entry of any Judgment on the loan.

Discount:  The Note holder will provide a discount to the maker for prompt payment of the payments as they become due and all other terms and conditions of your note and mortgage with us are not in default.  Any payment received on or before the due date as indicated below will enjoy a reduced interest rate computed as follows if the balance of the Note is equal to or ahead of the scheduled balance:

A.   A One and Seven Hundred Sixty Three Thousandths percent (1.763%) reduction in the stated interest aforementioned.

**REPAYMENT:**  To repay my Loan, I promise to pay you as follows:

1 payment of $28000.00 immediately

179 monthly payments of $856.02 beginning September 1, 2004

Balance if any is due in full August 1, 2019.

It is hereby agreed that said payments may be adjusted from time to time if further advances are

# The Economics

|  | Conventional Loan | Wrap Mortgage |
|---|---|---|
| Date Originated: | 7-30-04 | 8-5-04 |
| Principal Amount: | $137,600 | $137,600 |
| Prepayment: | 0 | ($28,000) |
| Principal After Prepay: | $137,600 | $109,600 |
| Interest Rate: | 5.50% | 4.737% |
| Term: | 15 Years | 15 Years |
| Monthly Payment: | $1,124.31 | $856.02 |

# What the Homeowner Put In

- Prepayment:                                $28,000

- Monthly Payments:              $856.02
- Months From Origination:     <u>x 37</u>
- Total Monthly Payments:      $31,673

- Total paid to Image Masters:    $59,673

# What the Homeowner Received:

- Payments on First Mortgage:    $1,124.31
- Months From Origination:        x 37
- Total Benefit Received:        $41,599

# Payments vs. Benefits

- Paid By Homeowner
- Benefit to Homeowner

## $59,673                    $41,599

## Homeowner's Net Benefit: ($18,074)

# The Trustee's Claim

- Pre-Bankruptcy Payments:   $1,124.31
- Monthly Payments:                x 37
- Total To Be Avoided:           $41,599

Case 09-02092-ref    Doc 91-1    Filed 01/20/10    Entered 01/20/10 15:24:28    Desc
Exhibit    Page 17 of 28

# Payments vs. Benefits

- Paid By Homeowner

  $ 59,673

- Benefit to Homeowner

  $41,599

  ($41,599)

  $0

Homeowner's Net Benefit:
($59,673)

# Other Representative Examples:

<u>Net Benefit</u>

<u>Homeowner #1:</u>    ($16,687)

<u>Homeowner #3:</u>    ($27,766)

# Each Representative Homeowner Was a "Loser" and Would <u>Have Been One for Years</u>

|  | #1 | #2 | #3 |
|---|---|---|---|
| Monthly Payment by IM | $1,124 | $626 | $630 |
| Less Payment by Homeowners | <u>($856)</u> | <u>($380)</u> | <u>($366)</u> |
| Equals Monthly Benefit to Homeowner | $268 | $246 | $264 |
|  |  |  |  |
| Prepayment | $28,000 | $26,000 | $37,600 |
| Divided by Monthly Benefit | <u>÷  $268</u> | <u>÷  $246</u> | <u>÷  $264</u> |
| Months to Break Even Point | 104 | 106 | 142 |
| Years to Break Even Point | 8.6 | 8.8 | 11.8 |

# <u>Why Does It Matter?</u>

- <u>Ashcroft</u> & <u>Twombly</u> Standard:
  - Must Plead Actual, <u>Non-Conclusory</u> Facts to Support Claim
  - Claim Must be Plausible
- Standard Needed Because
  - Great Expense and Great Delay in Discovery
  - *InTerrorem* Settlement Leverage
- Judges Must Bring "Common Sense" and "Judicial Experience" to Evaluation

# Constructive Fraud
# <u>Must Be Dismissed</u>

- Lack of "Reasonably Equivalent Value" Is Bedrock Element of Trustee's Claim

- Conclusory Allegations Must Be Ignored

- Trustee Must Allege <u>Specific</u> Facts That Make it Plausible That There Was No "Reasonably Equivalent Value"

# <u>Debtor Got Dollar-For-Dollar Value</u>

- Satisfaction of Prior Obligation Is Value
- The Architecture of The Ponzi Scheme Shows the Obligation of Debtors:
  - The Wrap Note
  - The Wrap Mortgage
  - The Subrogation Agreement
- Trustee alleged IM "promised to assume responsibility for paying the homeowner's monthly mortgage payments . . ."

# The Actual Fraud Counts Must be <u>Dismissed</u>

- Trustee Never Pleads Actual Fraudulent Intent With respect to the Specific Transfers

- Should Not Transport Inference of Fraud to This Unusual Context

- Conventional Lenders are More Like Trade Vendors than Investors

- But even Trade Vendors have a Closer Relationship than the Conventional Lenders Here

# Here Trustee Alleges
# No Relationship With IM

- Conventional Loans are Garden Variety Mortgage Loans
- No allegation that Defendants knew of wrap mortgage.
- No allegation that payments were outside of ordinary course.
- Debtor made payments as directed by Homeowner.
- Each payment provided dollar for dollar value to Homeowner.

# Homeowners Must Be Joined

- Homeowners Are Initial Transferees

- Section 101(54) transfer includes direct and indirect

- Funds Advanced to Homeowners Under Wrap Note

- And Paid To Mortgagees



# <u>Initial Transferees Must Be Joined</u>

- Two Lines of Cases
- The Better Reasoned Requires Joinder
- Here Joinder Particularly Important because:
  - Only Recover under 550 "To the Extent" Avoided
  - Transfers to "Losers" Will Never Be Avoided

# Conclusion

- <u>Ashcroft's</u> Appeal To Common Sense Should be Heeded
- Easy To Postpone Addressing Pleading Problems
- But Very Expensive and Wasteful Here
- In the End "Losers" Will Have More Loses
- Trustee Knows Where There Are Winners
- Repleading Will Significantly Narrow and Focus This Lawsuit